ALEXANDER HENRY, Respondent, *against* JAMES BRADY, Appellant.

(Decided December 1st, 1879.)

A boy sixteen years of age, who had been an apprentice to the trade of carpenter during the previous year, was employed by the defendant to fasten certain scaffolding to a house, the doing of which required some judgment and experience. The work was so negligently done as to result in serious injuries to the plaintiff, who was also employed by the defendant, and whose duties compelled him to be on the scaffolding. *Held*, in an action to recover damages for such injuries, that the question whether the defendant exercised the care which the circumstances required in placing the boy in charge of such work, was for the jury to decide; and they having found for the plaintiff, their verdict should be sustained.

Where a superintendent has entire charge of a work, with power to hire and discharge servants, his selection of an employee must be considered the act of the master, and he cannot be regarded as a fellow-servant with the one so employed.

APPEAL from a judgment of this court entered upon a verdict, and from an order denying a motion for a new trial.

The action was brought to recover damages for injuries to the person of the plaintiff, alleged to have been caused by the defendant's negligence. The facts are stated in the opinion. At the trial the jury found a verdict for the plaintiff, and a motion by the defendant for a new trial was denied, and judgment entered on the verdict. From this judgment and from the order denying his motion for a new trial the defendant appealed.

*Granville P. Hawes*, for appellant.

*N. A. McBride*, for respondent.

VAN HOESEN, J.—There is only one question in this case: was the evidence sufficient to support a finding that the defendant was guilty of negligence in employing an incompetent servant to fasten the scaffolding to the house? There was ample

Henry v. Brady.

testimony to warrant the jury in finding that on this particular occasion the boy Peter McDonald, who nailed the cleat which connected the scaffolding with the window-frame, did his work carelessly; but his want of care in this instance, though serious consequences resulted from it, would not entitle the plaintiff, who was his fellow-servant, to recover damages against the defendant, unless the latter knew, or should have known, that the boy was not fit for the duties which he was called on to perform. All the evidence as to the boy's capacity for his work consisted in proof that he was sixteen years of age, and had been an apprentice to the trade of a carpenter for a year prior to the happening of the accident. Whether he was bright or dull, an apt or a backward learner, did not appear.

The duty of properly fastening the scaffolding was a very grave one, for life and limb depended upon its performance, but yet the method of doing the fastening on this occasion was very simple, consisting, as it did, in nailing a cleat to the window-frame, after which the painters who were on the scaffolding tied the outer end of the cleat to the ladder. Then the work of fastening was done. If the mere nailing of the cleat was all that was expected of the lad, I think it would not have been negligent in the master to intrust him with the work, but it must have required some judgment and experience to know how to adjust the cleat so as to make the scaffolding steady and safe at all times, varied as the conditions must be under which the scaffolding is suspended. As it cannot be said as matter of law that the defendant was free from blame in confiding such responsibility to a raw and comparatively inexperienced youth, I think it was for the jury to decide whether or not the defendant exercised the care which the circumstances required in placing the boy in charge of the adjusting of the cleats. Edward McDonald, the superintendent, who had entire charge of the work, and the power to hire and discharge servants, stood in the place of the defendant, and is not to be regarded as a fellow-servant of the plaintiff. His selection of the boy for the duty must be considered as the act of the defendant himself. Though the case would have been clearer had some evidence been given concerning the qualifica-

tions and characteristics of the boy, I think, as I have already said, that the jury might draw the conclusion that the intrusting of an apprentice boy of one year's experience with so important a charge was a lack of care on the part of the defendant. The judgment and the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment and order affirmed, with costs.*

---

* The judgment entered upon this decision was affirmed by the court of appeals, January 18 1881 (see 83 N. Y. 619).