Andrew J. Clark, administrator of Susan J. Clark, deceased, sued Henry L. Coe, in replevin. Judgment was rendered for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Blair & Rudd*, for appellant. *John H. Atkinson*, for respondent.

BARNARD, P. J. The goods in question belonged to Susan J. Clark at the time of her death. Charles Z. Pond was her executor. After her death Pond took possession of the property, which consisted of household furniture, and it was in use by the executor in his private residence. The defendant was the lessor of Pond, and the rent was in arrears. Pond, as an individual, executed a personal mortgage on the property to the defendant to secure the payment of the executor's own debt for rent. The question is whether the landlord could hold the title against the plaintiff, who has been appointed administrator under the will annexed, in the place of the executor, Pond, who was removed from his trust. The cases are uniform that a purchaser for value and in good faith from an executor will acquire a good title, even if the executor misapplies the proceeds. *Leitch* v. *Wells*, 48 N. Y. 585. So, also, one who loans money on the securities of the estate is protected. *McNeil* v. *Bank*, 46 N. Y. 325. This case does not fall within these cases. The executor only conveyed his own individual title. He had none. If the evidence is to be judged as if he conveyed as executor, the conveyance was in payment of his private debt, and is on this account an exception to the rule that purchasers for value are protected. In *Field* v. *Schieffelin*, 7 Johns. Ch. 150, the chancellor states the rule in such cases as follows, in reference to purchasers for an executor in payment of the present debt of the executor: "The better doctrine is that in such he does buy at his peril." The very fact that a purchaser extinguished this debt of the executor to him with the goods of the testator carries its own condemnation on the face of the transaction. The judgment should be affirmed, with costs.

---

## THALL *v.* CARNIE.

*(Supreme Court, General Term, Second Department.   May 18, 1889.)*

1. MASTER AND SERVANT—DUTY TO INSTRUCT SERVANT.

When a master engages a young and inexperienced servant, and places him to work in a place of latent danger, it is the master's duty to instruct the servant, both as to his work and how to avoid the danger, and he is liable for injuries occasioned by failure to give such instructions.

2. SAME—FELLOW-SERVANTS.

It is no defense to an action for such injuries that plaintiff was acting at the time of the accident under the orders of a fellow-servant, for whose negligence the master is not liable, and it is proper to charge in such case that if the instructions required by law of the master would have sufficed to put plaintiff on his guard against the fellow-servant's negligent orders, and would have prevented the accident, the master was liable.

Appeal from circuit court, Kings county.

Action for personal injuries by Frank Thall, a minor, by John H. Snyder, his guardian *ad litem*, against John A. Carnie. Judgment for plaintiff. Defendant's motion for a new trial denied, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Beltz & Large*, for appellant. *L. S. Catlin*, for respondent.

PRATT, J. The circuit judge correctly charged the jury that when a master engages an inexperienced servant, especially if of tender years and presumed ignorance, and places him in a place of latent or obscure danger, it is the duty of the master to instruct the servant how to do the work and at the same time be on his guard against the danger. Tested by that rule, the mo-

tions for nonsuit and for dismissal of the complaint were properly denied. The master did not claim that he had personally given the instructions the rule required, and the jury might well find that such instructions as were testified to did not meet the exigencies of the danger. The jury may well have thought that telling a lad to be careful was not adequate instruction.

Great stress is laid by appellant upon the fact that the lad was injured while acting under the orders of Ward, a fellow-servant, for whose negligence the employer cannot be held responsible. But the recovery did not proceed upon the ground of Ward's negligence. The jury were carefully instructed that for such negligence no recovery could be had. They were also instructed that if the instructions which the law required from an employer in such circumstances would have sufficed to put the lad on his guard against the negligent orders of Ward, and would have thereby prevented the accident, a recovery might be had for the negligence of the employer. In this there was no error. Judgment affirmed, with costs. All concur.