SCIOLINA v. ERIE PRESERVING CO.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

1. MASTER AND SERVANT—DUTY OF MASTER—FURNISHING SAFE APPLIANCES.

An instruction which states the rule as to the master's duty, that he "was bound to provide reasonably safe and adequate machinery for the operator to work with," is sufficiently accurate, though the exact statement of such duty is that the master is bound "to exercise reasonable care in providing machinery which is reasonably safe and proper for the conduct of his business."

**2. SAME—LIABILITY FOR ACTION OF FOREMAN.**
    In an action for injuries to an employé, caused by a defective machine, an instruction "that the foreman of defendant's factory was, to all intents and purposes, the defendant," is not erroneous, where it appears that the foreman had charge of the factory, "with full power to run things and direct employés."

Appeal from superior court of Buffalo, trial term.

Action by Antonio Sciolina against the Erie Preserving Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

The plaintiff brings this action to recover damages for the loss of the services of his infant daughter, occasioned by injuries sustained by her in consequence of the alleged negligence of the defendant. The defendant is a domestic corporation, and engaged in the business of canning and preserving fruits and vegetables, with its principal office located at the city of Buffalo. The plaintiff's daughter, when she was about 12 years of age, entered into the defendant's service, in one of its canning factories, where she had been at work for about two weeks prior to the time of receiving her injury. She had also worked for the same defendant at another of its canning factories for a period of three months during the preceding year. On the 10th day of September, 1892, she was directed by the defendant's superintendent to work at a machine known as the "Sprague Corn Cutter," and which was used for shelling corn. This machine was operated by placing whole ears of corn in a spout or trough, the bottom of which consisted of a continuous chain running towards the machine, by means of which the ears were carried to a place where they were taken up by the catch wheels or feed rolls, and by them carried along to the knives, where the corn was shelled from the cobs. When the machine was in operation the catch wheels revolved rapidly, inwardly, towards the lower center; and these wheels frequently became clogged, by reason of ears of corn of irregular size becoming stuck as they were brought into contact with them. The plaintiff's daughter is an Italian, and the evidence tends to show that she was unable to understand English; that when the defendant's superintendent directed her to go to work at this machine she demurred, and at first refused to go, saying she was afraid; that he insisted that she should go, and that she thereupon went, and proceeded to feed the machine with corn; that she had had no previous experience with this, or any similar machine; and that no instructions were given her as to the manner of operating the same, further than that the superintendent pointed to it, and told her to go to work. Shortly after she commenced operating the machine the wheels became clogged with an ear of corn, and, in attempting to push the ear towards the knives, her hand was drawn in, one of her fingers was taken off, and the hand itself was considerably lacerated and injured. Progressive inflammation of the finger joint and of the lower arm followed, in consequence of which a reamputation and several incisions became necessary. The jury rendered a verdict in favor of the plaintiff for $1,200.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Simon Fleischmann, for appellant.

John C. Hubbell, for respondent.

ADAMS, J. The evidence in this case, although somewhat conflicting upon the main issues, was amply sufficient to uphold the verdict of the jury; and, after a careful examination of the record, the only questions which seem to require any serious consideration upon this review are those which arise upon the defendant's exceptions to certain portions of the judge's charge. The learned court,

in instructing the jury with reference to the obligation which rested upon the defendant in its relation of master, stated that "it was bound to provide reasonably safe and adequate machinery for the operator to work with"; and this language is objected to by defendant's counsel as an improper statement of the rule applicable to cases of this character. Strictly speaking, the learned counsel is probably correct in the criticism which he makes; for, to have been exact in his statement of the law, the court should have instructed the jury that the measure of the defendant's duty was to exercise reasonable care in providing machinery which was reasonably safe and proper for the conduct of its business. The distinction, however, between the two statements, is a narrow one, and it would require very careful discrimination to discern the difference between the exercise of reasonable care in the furnishing of machinery, and the providing of machinery which was reasonably safe and adequate for the purpose for which it was designed; and an examination of the cases will show that there is abundant authority for the statement of the proposition in either form. In the case of Burke v. Witherbee, 98 N. Y. 562, 565, which was an action similar in character to the one under consideration, the learned judge who wrote the opinion, in defining the obligation which rested upon the defendants in that case, stated the rule as follows: "They were under a duty to furnish reasonably safe and suitable appliances, such as a prudent man would furnish if his own life were exposed to the danger which would result from unsuitable or defective appliances." And again, in Stringham v. Hilton, 111 N. Y. 188, 195, 18 N. E. 870, it is said: "A master is not bound to furnish the best of known or conceivable appliances. He is required to furnish such as are reasonably safe." It is not at all probable, and hardly possible, that the jury in this case were in any degree misled with regard to the measure of the defendant's liability by the language of the court to which exception is taken; and, inasmuch as the attention of the trial court was not called to the distinction which the defendant's counsel now seeks to make, we do not think he should be permitted to derive any benefit from his exception. Probst v. Delamater, 100 N. Y. 266, 3 N. E. 184.

It is also contended that the learned judge erred in charging the jury "that the foreman of the defendant's factory was, to all intents and purposes, the defendant." We are unable to discover any error in this instruction. It is a rule of law now too well established to admit of any discussion that the duty which a master owes to a servant, of exercising proper care in providing suitable machinery, is one which cannot be delegated. Corcoran v. Holbrook, 59 N. Y. 517; McGovern v. Railroad Co., 123 N. Y. 280, 25 N. E. 373. If, however, there were any doubt upon this subject, it was resolved by the evidence of the defendant's superintendent himself, who, upon being called as a witness in behalf of the plaintiff, testified as follows: "I am foreman of the defendant at Orchard Park, and had charge of the factory when the plaintiff's daughter was hurt, with full power to run things and direct the employés."

Another exception upon which some stress appears to be laid by the defendant's counsel is that which was taken to the instructions given by the learned court to the jury with regard to the obligation which rested upon the defendant to give suitable instructions to the plaintiff's daughter respecting the dangers which were to be apprehended from the use of the machine in question. If the statement to which exception is taken had been to the effect that a duty rested upon the defendant of instructing the plaintiff's daughter with regard to the operation of the machine in question, without any limitation or qualification, as the counsel appears to think was the case, there would be more force to his objection; but a careful reading of the entire charge will show that the learned judge was quite particular to state the rule precisely as the defendant's counsel insists it ought to have been stated, for, after defining the duty of the master with reference to instructing his employés, he uses this language:

"If the danger of this machine was so apparent that this child could see and comprehend that if she put her hand in there it would get hurt, no extent of instruction would save her from getting injured, because she could see the danger; and consequently you are to look at this machine as bearing upon the proposition as to whether she received proper instruction or not."

And in another part of the charge it is further stated—

"That if she did know about these knives; if they were so apparent, obvious, and visible that if she chose to put her hand in she would get it caught,—it would be negligence on her part."

The only remaining exception which appears to demand any consideration is that which was taken to the language of the charge respecting the necessity of placing suitable guards upon the machine in order to protect the hands of a person operating it; the contention being that it was left to the jury to say whether or not it was possible to have placed some additional safeguards about this machine, and that they were permitted to infer, if such were the case, that the omission to furnish them was negligence upon the part of the defendant. It is, of course, a familiar rule that a master is not bound to furnish the safest possible machinery or appliances for his employés to operate with. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813. And it is insisted that the learned court, in saying what it did with respect to providing suitable guards for the defendant's machine, permitted the jury to disregard this rule and adopt a different one. But here, again, is afforded an illustration of the impropriety of selecting a single sentence from a charge, and insisting that it represents what was actually said, without reference to the language which precedes or follows it. The learned court did state to the jury that:

"The proposition is, was it possible to put guards on this machine so it would protect the hands of the person operating it?"

And, did this embrace all that was said upon that subject, the defendant's counsel would perhaps be warranted in insisting that an error was committed which would require reversal at our hands.

But we find, in connection with the language criticised, the following statement, which precedes it:

"As before stated, the master is not bound to furnish the best machinery, although the evidence tends to establish this machine is the best in use."

And then, after stating the proposition complained of, he follows it up with this further instruction and explanation:

"Much testimony has been read as bearing upon the practicability of putting a guard on there. You are to take all that evidence into consideration, as well as all the surroundings of this machine, and determine whether the master has discharged his duty in furnishing a reasonably safe and proper machine for this girl to perform her work upon. If you find this was guarded by all the means that were practicable, the defendant would have answered all the requirements, and the infant would then assume what risk of injury there was in its operation. If you find that the machine could have been more effectually guarded, and still possess its utility, you could find that the master has failed to discharge its duty in that regard."

In view of the undisputed evidence in the case, we do not think that this statement of the rule is open to very serious criticism. The testimony of the defendant's witnesses does not appear in extenso in the record, but in lieu thereof the appeal book contains a summary of the same, which presumably was agreed upon by counsel for the respective parties; and from this summary we learn that during the year 1891 the defendant, or its secretary, who had charge of the manufacturing, came to the conclusion that this machine needed to be more effectually guarded, and that the defendant was led to consider the subject of guards upon this machine, by having arrived at this conclusion, and that it regarded it more or less dangerous because of the absence of guards in the year 1892; that the defendant had never tried a guard bolted to the upper part of the machine, marked "A"; and that, if a guard were constructed with the top thereof high enough above the cutter to allow room for the ears of corn to pop up and strike it, it would not interfere with the work of the machine. This evidence, it seems to us, is virtually an admission upon the part of the defendant that some additional means might and should have been adopted by the defendant in order to protect its employés from the risk which attended the operation of this machine. And, this being the case, we fail to see how the defendant was prejudiced by the instructions of the learned court in the language above quoted. The charge, in its entirety, was a full—and, we think, a fair—statement of the law applicable to the somewhat peculiar facts of this case, and we find no error therein which requires us to disturb the verdict reached by the jury. The judgment and order appealed from should therefore be affirmed, with costs.

Judgment and order affirmed, with costs.    All concur.