FRASER & CHALMERS

*v.*

FRITZ SCHROEDER.

*Filed at Ottawa November 9, 1896.*

1. FELLOW SERVANTS—*when an employee in temporary authority is not a fellow-servant.* An employee upon whom the master confers temporary but full authority over other servants engaged in certain work, is, with respect thereto, the direct representative of the master, and for his negligent or unskillful exercise of such authority the master is liable.

2. MASTER AND SERVANT—*performance of known dangerous duties must not be assigned to inexperienced servants.* The master must assign the performance of a known dangerous duty to an experienced servant, and if he assigns such duty to an inexperienced servant, by whose unskillful performance another servant is injured, the master must be held to answer.

3. TRIAL—*when trial court cannot take case from jury.* The defendant's request for a peremptory instruction is properly refused where there is evidence tending to support the declaration.

4. EVIDENCE—*when evidence of former similar injuries is competent.* In a suit to recover damages for injuries received from the unskillful handling of machinery, evidence that another person had been injured in a similar manner by the same machinery is admissible to show the machinery, when unskillfully handled, was dangerous.

*Frazer & Chalmers* v. *Schroeder,* 60 Ill. App. 519, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

WALKER & EDDY, for appellant:

To recover for an injury resulting from the negligence of a co-servant it must appear that the master was culpably negligent, either in hiring or retaining him. *Huffman* v. *Railroad Co.* 78 Mo. 50; *Kersey* v. *Railroad Co.* 79 id. 362; *Railroad Co.* v. *Gurley*, 12 Lea, 46; *Satterly* v. *Morgan*, 35 La. Ann. 1166.

A servant cannot recover for injuries resulting from the negligence of a co-servant when he had the same means of knowledge of such unskillfulness as the master, and if a recovery is sought upon that ground the plaintiff takes upon himself the burden of establishing not only the unskillfulness, but also the fact that he himself had no knowledge thereof, and that the defendant had or ought to have had. *Haskin* v. *Railroad Co.* 65 Barb. 129; *Sigel* v. *Railroad Co.* 65 id. 132; *Faulkner* v. *Railroad Co.* 49 id. 325; *Warner* v. *Railroad Co.* 39 N. Y. 468.

Where the servant has full and equal knowledge with the master that a fellow-servant is incompetent, and he remains in the service, making no complaint, this may constitute contributory negligence. *Hatt* v. *Nay*, 144 Mass. 186; *Wright* v. *Railroad Co.* 28 Barb. 80; *Railroad Co.* v. *Dailey*, 110 Ind. 75; *Laning* v. *Railroad Co.* 49 N. Y. 521; *Railroad Co.* v. *Knittal*, 33 Ohio St. 104; *Railroad Co.* v. *Peavey*, 34 Kan. 474; *Frazier* v. *Railroad Co.* 38 Pa. St. 104; *Railroad Co.* v. *Whitmore*, 58 Tex. 276; *Davis* v. *Railroad Co.* 20 Mich. 105; *Kroy* v. *Railroad Co.* 32 Iowa, 357; *McDermott* v. *Railroad Co.* 87 Mo. 285.

A rule that would require the master to discharge a servant, careful and competent when employed, without investigation, upon a charge of carelessness, would be a harsh one, and would often result in great injustice to

employees. *Railroad Co.* v. *Collarn,* 73 Ind. 261; *Railway Co.* v. *Stupak,* 108 id. 1; *Railway Co.* v. *Dailey,* 110 id. 75; *LaRose* v. *Bank,* 102 id. 332; *Chapman* v. *Railway Co.* 55 N. Y. 579; *Moss* v. *Railway Co.* 49 Mo. 167; *Blake* v. *Railway Co.* 70 Me. 60.

One servant cannot recover against the master for an injury occasioned by the negligence of another engaged in the same general business, if there has been ordinary care in the selection of servants.    *Connor* v. *Railroad Co.* 15 Ill. 550; *Railroad Co.* v. *Murphy,* 53 id. 336; *Railroad Co.* v. *Keefe,* 47 id. 108; *Railroad Co.* v. *Cox,* 21 id. 24; *Railroad Co.* v. *Gregory,* 58 id. 272; *Railway Co.* v. *Troesch,* 68 id. 545.

Proof of a previous accident, under the circumstances, was clearly not admissible.    *Kolb* v. *Stamping Co.* 33 Ill. App. 488; *Railroad Co.* v. *Logue,* 47 id. 292; *Libby* v. *Scherman,* 146 Ill. 540; *Yates* v. *People,* 32 N. Y. 509; *Lincoln* v. *Manufacturing Co.* 9 Allen, 181; *Eidt* v. *Cutter,* 127 Mass. 522; *Railroad Co.* v. *Mugg,* 132 Ind. 168; *Sullivan* v. *Commonwealth,* 93 Pa. St. 284; *Smith* v. *State,* 2 Warden, 511.

McCRACKEN & CROSS, for appellee:

Where a master confers authority upon one of his employees to take charge of and control a certain class of workmen in carrying on some particular branch of his business, such employee, in governing and directing the movements of the men in his charge, with respect to that branch of the business, is a direct representative of the master, and not a mere fellow-servant.    All commands given by him within the scope of his authority are, in law, the commands of the master, and if he is guilty of a negligent and unskillful exercise of his power and authority over the men under his charge the master must be held to answer.    *Wenona Coal Co.* v. *Holmquist,* 152 Ill. 581; *Railroad Co.* v. *May,* 108 id. 288; *Steel Co.* v. *Schymanowski,* 59 Ill. App. 32.

Evidence tending to show assumption of risk is matter of defense, and knowledge on the part of plaintiff will not be presumed.    *Railroad Co.* v. *Hynes,* 123 Ill. 169.

If evidence is admissible for any purpose it should be admitted, and if it is improper for other purposes its effect should be controlled by instructions. *Railroad Co.* v. *Bailey*, 145 Ill. 159.

When evidence is competent for any purpose it cannot be excluded, but must be received; and if it is competent only for one purpose, the other party will be entitled, by instructions, to have it limited to the purpose for which it is proper. *Jameson* v. *People*, 145 Ill. 357.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of Cook county, against appellant, for $3500 and costs of suit, for a personal injury, which has been affirmed by the Appellate Court. The count in the declaration upon which the trial was had, bases the right of recovery upon the allegation that defendant, being a corporation, owned and operated a certain crane used for moving heavy masses of iron and machinery, describing it; that at the time of the alleged injury, plaintiff, with other servants of the defendant, was engaged in lifting a certan piece of machinery weighing about 6000 pounds, and that while so engaged, one of the servants, in obedience to the order of the boss or foreman of the gang to stop the machinery, through incompetency and inexperience so changed the gear of the windlass as to cause it to revolve backward with great force, striking and injuring the plaintiff, who was at the time working at one of the cranks by which the same was turned, the *gravamen* of the action being the inexperience and incompetency of the servant so changing the gear. The plea was not guilty.

It appears from the record that about September 1, 1890, one Charles Blae, a laborer in defendant's employ, was ordered by its foreman to take men to assist him in removing from a wagon a casting of about the weight stated in the declaration. He took with him Charles Buchin, William Gors and plaintiff, also laborers work-

ing for appellant.  The crane used was so constructed
that when in operation it could be changed to three dif-
ferent gears,—one called the fast gear, used in moving
light loads, another the slow gear, used in moving heavier
objects, and a third to stop the windlass.  It was changed
from one of these to another by means of a lever moved
by hand.  If changed from the slow to the fast gearing
while moving a heavy object, the tendency was to throw
the cranks backward against the persons using them.
At the time of this accident the slow gear was being
used, and the casting had been lifted a few inches from
the wagon, its entire weight being suspended from the
crane.    Plaintiff, Gors and Buchin were turning the
cranks.  Blae was on the wagon superintending the work.
He called out, "Stop the crane."   Plaintiff testified that
he ordered Buchin to move the lever.   Blae denied that
he told any particular one of the three men to stop it,
but admitted giving the general order, and all agree that
Buchin attempted to obey it, but so moved the lever as
to throw it into the fast gear instead of the proper one
to stop the windlass, the result being that the crank, at
which plaintiff was working, was suddenly thrown back
against him, causing the alleged injury.

The theory of plaintiff's case is, that the defendant, by
its vice-principal, Charles Blae, ordered an incompetent
and inexperienced co-employee (Charles Buchin) to oper-
ate the lever upon the crane, who, by reason of such in-
competency, caused the accident.   The gist of the charge
is, not the retaining of a servant once competent who
subsequently became incompetent, but selecting and or-
dering one to do a certain act who was incompetent to
perform that duty.   The right of recovery upon this the-
ory is not controverted by counsel for appellant, but they
say:  "Upon this theory the burden of proof was upon
plaintiff in the trial court to establish the following prop-
ositions of fact:  First, that Buchin, as a matter of fact,
was directed by some one in authority, not a fellow-ser-

vant of appellee, to move the lever; second, that his incompetency and inexperience were either actually known to appellant or by the exercise of reasonable care could have been known to appellant; third, that appellee did not know, and could not have known by the exercise of ordinary care and observation, of the alleged incompetency of Buchin; fourth, that the accident was the result of Buchin's incompetency." It is admitted that these questions of fact, in so far as their determination depends upon conflicting evidence, must be accepted by us as conclusively settled, by the decisions below, in favor of the plaintiff. Conceding, therefore, that the burthen of proof upon each of the foregoing propositions was upon plaintiff, still, unless we can say the evidence, with all fair and legitimate inferences arising therefrom, does not tend to establish them, this court must treat the case of plaintiff as made out. The first of the propositions involves two questions—that is to say, was Blae, at the time of the accident, a vice-principal of the defendant, and did he order Buchin to move the lever.

We said in *Wenona Coal Co.* v. *Holmquist,* 152 Ill. 581 (on p. 590): "Where a master confers authority upon one of his employees to take charge and control of a certain class of workmen in carrying on some particular branch of his business, such employee, in governing and directing the movements of the men under his charge, with respect to that branch of the business, is the direct representative of the master, and not a mere fellow-servant. All commands given by him within the scope of his authority are, in law, the commands of the master, and if he is guilty of a negligent and unskillful exercise of his power and authority over the men under his charge the master must be held to answer,"—citing *Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288. The evidence at least tends to bring Blae within this rule. The mere fact that he had no power to employ or discharge men does not necessarily render him other than a vice-principal. The question was

one of fact for the jury. (*Chicago and Western Indiana Railroad Co.* v. *Flynn*, 154 Ill. 448.)   The testimony of plaintiff was to the effect that Blae ordered Buchin to stop the crane,—to "move the lever."

While the second proposition, as stated by counsel, assumes Buchin's incompetency, it is insisted in the argument that he was not, and it is contended that aside from the fact that he failed to so set the lever as to stop the windlass there was no proof whatever tending to prove he was not perfectly competent to perform that which he was ordered to do.   It is said he knew perfectly well where to move the lever, and attempted to do it, but failed.   But it was not merely a question of knowledge as to how the lever should be moved, but also of ability to properly perform the act.   A mechanical engineer, familiar with the construction of the crane, testified that shifting the gear was dangerous, and should be done by a person who thoroughly understood it.   The description of the device by this and other witnesses makes it clear that the lever in the hands of an inexperienced man, during the lifting of heavy objects, renders it extremely dangerous to those turning the cranks.   It is in proof that Buchin was wholly inexperienced in the performance of that duty, having never attempted it before. If Blae, the representative of the defendant, did not know these facts, he could have readily ascertained them by the use of even slight diligence before engaging in the work and before ordering him to do that which he knew might endanger plaintiff and others.   The evidence showed that plaintiff had no previous knowledge of the competency or incompetency of Buchin, and he certainly had no opportunity to inquire into that fact after the order was given.

The rule that when one employee has knowledge of the incompetency of another, but continues in the service until he is injured through such incompetency, he can not recover, has no application to the facts of this case.

Plaintiff had no reason to expect that Buchin would be ordered to perform the duty until the moment he was told to do so, and it was impossible for him then to abandon his post at the crank, even though he had known of his want of skill.

Finally, it cannot be seriously contended the evidence wholly fails to prove that the injury resulted from Buchin's incompetency. That it was caused by his failure to place the lever in proper position is not denied. All that is claimed is, that such failure was the result of a mistake or accident, and not of incompetency. Enough has been said on this point to show there was at least evidence to the effect that he did not possess the requisite skill and experience to do the required act. Unquestionably the machine was capable of being handled with safety by those who understood how to handle it.

There being evidence, then, tending to support all the material allegations of the declaration, the trial court properly overruled the motion of defendant to instruct the jury to return a verdict of not guilty.

The only remaining question presented for our consideration is the assignment of error on the improper admission of testimony. A witness called by plaintiff was allowed to testify, over objection, that shortly before this accident he was hurt by the same crane, in a similar manner. We see no valid objection to this testimony. On this point counsel for appellant assume that the only issue before the jury was the competency of the employee who moved the lever. It is true that was the main issue in the case; but, as shown above, the plaintiff's right of recovery depended upon the further fact that the injury was the result of that incompetency. In establishing it he had the right to prove that the crane, when handled in a certain unskillful manner, was dangerous,—liable to cause the accident from which plaintiff received his injury. For that purpose the evidence was competent. (*City of Bloomington* v. *Legg*, 151 Ill. 9.) Even if this testi-

mony had been improperly admitted we do not think the error would have been of that material and substantial character which should work a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*