(21 Misc. Rep. 603.)

COFFEE v. PHILLIPS et al.

(Supreme Court, Appellate Term.　November 24, 1897.)

1. INJURY TO EMPLOYE.

Plaintiff, a girl 15 years of age, was employed as a stenciler in defendants' handkerchief factory, to mark boxes. After working there two or three weeks, she was directed by the forewoman, who had control over the plaintiff, to feed the ironing machine, and, while doing so, her hand was caught between two rollers, and severely injured. The machine was dangerous to those not instructed in its use, but not so obviously so as to necessarily involve contributory negligence in plaintiff's failing to observe it. She had operated the machine but once, for a few moments, and did not know how to feed it, and received no instruction, and did not know of the danger. _Held_, that the evidence warranted a judgment in plaintiff's favor.

2. APPEAL—QUESTIONS FOR REVIEW.

Upon an appeal from a judgment for plaintiff in a district court, the only propositions the appellate court is called upon to examine in respect to the propriety of the refusal to dismiss are the specific objections to plaintiff's recovery, as stated in defendants' motion at the trial.

Action by Mary Coffee, by her guardian, against Jacob L. Phillips and others. From a judgment of the district court, defendants appeal.　Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. L. Richards, Jr., for appellants.

M. J. Horan, for respondent.

McADAM, J.　The action was to recover damages for injuries sustained on March 22, 1897, by the plaintiff, a girl 15 years of age, while working upon an ironing machine in the defendants' handkerchief factory.　The justice found, on evidence which authorized the finding, that the plaintiff was employed as a stenciler, at $2.50 per week, and that her duties were to mark boxes with a stamp, and get boxes for the girls who folded the handkerchiefs; that, after working two or three weeks in the factory, the plaintiff, on the day in question, was directed by the forewoman, who had charge of the factory and control over the plaintiff therein, to feed the machine; that, while in the act of placing handkerchiefs in the machine, the plaintiff's right hand was caught between two rollers, in consequence of which it was badly injured; that the injury necessitated her removal to a hospital, where she received treatment for about three weeks; and that she was disabled from working for about eleven weeks.　The machine was operated by steam, and could not be stopped until the engineer was called from below.　No fault is found with the amount of the recovery, which was $250,—a sum ex-

ceedingly moderate; and the only question is as to the defendants' responsibility for the injury.

The ground of recovery was that the plaintiff, an inexperienced person, was called away from the particular branch of service in which she was employed, at the command of the defendants' forewoman, in charge of their factory, without warning or instruction, and put to work upon a machine which, although one of a kind in common use in factories, was dangerous to operatives who did not understand it, and had not been previously instructed in its use. The plaintiff testified that she had never worked on the machine except once, and then only for a few minutes; that she had also, on another occasion, worked around it, in picking up the handkerchiefs after they came out ironed, but did not operate the machine, and did not know how to feed it; that no one warned her of the dangers of the machine, explained to her its different parts, or instructed her in its use; and that she did not know of its dangers, or that her hands were likely to be caught between the rollers if she operated it,—all of which must have been known to the forewoman when she directed the plaintiff to feed the machine. The justice, on sufficient evidence, found these facts in favor of the plaintiff, and we think they sustain the recovery had.

It was not contended at the trial that the plaintiff erred in obeying the command of the forewoman, or that the latter was to be regarded as a co-worker with the plaintiff. See Sciolina v. Preserving Co., 7 App. Div. 417, 39 N. Y. Supp. 916; Henry v. Brady, 9 Daly, 142; Sheehan v. Railroad Co., 91 N. Y. 332. The specific objections to the plaintiff's recovery, as stated in the motion to dismiss, were that there was no proof of negligence on the part of the defendants, or of the absence of contributory negligence on the part of the plaintiff; and these are the only propositions we are called upon to examine. Kafka v. Levensohn, 18 Misc. Rep. 202, 41 N. Y. Supp. 368.

In Railroad Co. v. Fort, 17 Wall. 553, a case in which a boy of 16 years was injured by machinery, Davis, J., says, in reference to the rule that an employé takes upon himself all the risks of the employment:

"This presumption cannot arise where the risk is not within the contract of service, and the servant had no reason to believe he would have to encounter it. If it were otherwise, principals would be released from all obligations to make reparation to an employé in a subordinate position for any injury caused by the wrongful conduct of the person placed over him, whether they were fellow servants in the same common service or not. Such a doctrine would be subversive of all just ideas of the obligations arising out of the contract of service, and withdraw all protection from the subordinate employés."

In Hickey v. Taaffe, 105 N. Y., at page 36, 12 N. E. 289, the court said:

"There is no doubt that, in putting a person of immature years at work upon machinery which in some aspects may be termed 'dangerous,' an employer is bound to give the employé such instructions as will cause him to fully understand and appreciate the difficulties and dangers of his position, and the necessity there is for the exercise of care and caution; merely going through the form of giving instructions, even if such form included everything requisite to a proper discharge of his duties by such employé if understood, would not be sufficient. In placing a person of this description at work upon dangerous machinery, such

person must understand, in fact, its dangerous character, and be able to appreciate such dangers and the consequences of a want of care, before the master will have discharged his whole duty to such an employé."

The same general principle is stated in Wood on Master and Servant (2d Ed., § 350), as follows:

"In the case of young children, a mere warning to the child is not the measure of the master's duty; he must instruct him as to the methods of working with and about it, and it is negligence per se for him to put such a person at work with or in the vicinity of dangerous machinery, or subject him to any extraordinary hazard, until he has been properly made to understand the method of using it, as well as the hazards incident to its use."

To the same effect, see Thall v. Carnie (Sup.) 5 N. Y. Supp. 244; Rolling Mill v. Cooper (Ind. Sup.) 30 N. E. 294; Healey v. Bagging Co. (City Ct. Brook.) 14 N. Y. Supp. 934; and Murphy v. Mairs, 19 Wkly. Dig. 492.

The master, having neglected this duty of instruction, was guilty of negligence; and we cannot hold, as matter of law, that the danger in this instance was so obvious and patent that the plaintiff, considering her age, was bound, in the absence of warning or instructions, to observe and appreciate the danger, and was therefore guilty of contributory negligence in failing to discover it. That question on the evidence was one of fact for the justice. He found for the plaintiff thereon, and we are not required to disregard his finding. Healey v. Bagging Co., supra; McDermott v. Railroad Co. (Sup.) 13 N. Y. Supp. 435; Miller v. Coykendall, 20 Wkly. Dig. 299. The ground upon which the liability is fixed makes the cases relied on by the defendants inapplicable, and the fact whether the machine was defectively constructed or in good order immaterial.

The judgment must be affirmed, with costs.   All concur.