### 3653. MALLOCH & CO. v. KICKLIGHTER.

RUSSELL, J. 1. The assignments of error alleging that certain instructions of the court were not authorized, and were "otherwise illegal," are not supported by the record. The evidence authorized the instructions given; and if these instructions were for any other reason illegal, the allegation that they were "otherwise illegal" is too general to present any point for the consideration of this court.

2. The evidence authorized the court to instruct the jury that wherever there is a breach of contract, the party injured by the breach is bound to make reasonable efforts to minimize his damages, and that if, in this case, there was a breach or breaches of the contract, by Malloch & Company, it was Kicklighter's duty, if he could, to minimize his damages.

3. The question as to whether the plaintiff, by agreeing that certain cotton be handled by the defendants as factors, for the account of and under the direction of the bank, which had a title to the cotton by reason of ownership of the bills of lading, surrendered any rights claimed by him, or which he may have had, due to a breach of a prior contract with the same factors, was an issue of fact, and was properly submitted by the court to the jury for determination. Nor did the court err in instructing the jury, in this connection, that a surrender of the plaintiff's pre-existing rights, growing out of a breach of the contract by the factors, would not necessarily arise, unless the plaintiff expressly or impliedly agreed that if they handled the cotton he would surrender his claim against them.

4. It was the duty of the court to construe for the jury the written memorandum in evidence, and the court did not err in instructing them, in that connection, that such memorandum of remarks was not in and of itself an express release of the plaintiff's demands.

*Judgment affirmed.*

DECIDED FEBRUARY 12, 1912. REHEARING DENIED MARCH 2, 1912.

Complaint; from city court of Savannah—Judge Davis Freeman. June 26, 1911.

*Adams & Adams,* for plaintiffs in error.

*A. L. Alexander, Osborne & Lawrence,* contra.