### 6461.   HEMBREE v. THE STATE.

BROYLES, J.  1.  Error is assigned upon the following charge of the court: "You are to determine in this case, from all the facts and circumstances in the case, whether the allegations in the indictment are true, and whether or not she was a virtuous female, and whether or not she was seduced by persuasion and promises of marriage on the part of this defendant and induced to submit to his lustful embraces and allow him to have carnal knowledge of her. If that is true in this case, the defendant is guilty; if they do not occur, all of them, or you have a reasonable doubt of all of them, you would not be authorized to convict." Of course the learned trial judge should have said "a reasonable doubt of any of them," instead of "a reasonable doubt of all of them." This slip or inadvertence, however, in our opinion, under all the circumstances in this case (where the guilt of the accused is so plainly shown that it could almost be said that a conviction is demanded by the evidence), would not alone justify a new trial, especially when, in another part of the charge, the court correctly instructed the jury that "the burden is on the State to prove every material allegation in the indictment to the satisfaction of the minds and consciences of the jury beyond a reasonable doubt before you would be authorized to convict." The charge objected to, when considered in connection with the entire charge and in the light of the evidence, was not prejudicial to the accused.

2. The failure of the court to define in the charge to the jury the offense of fornication, in the absence of a timely written request, was not error. *Morris* v. *State,* 14 *Ga. App.* 395 (81 S. E. 257).

3. The evidence amply authorized the verdict and the court did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED SEPTEMBER 17, 1915.

Indictment for seduction; from Hart superior court—Judge Meadow. February 10, 1915.

*A. A. McCurry,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, A. G. & Julian McCurry, James H. & Parke Skelton,* contra.