## 9905.  CRANE v. SMITH.

LUKE, J.  Where a petition was attacked by demurrer upon the ground
that causes of action ex contractu and ex delicto were joined therein,
and the court, on hearing the demurrer, rendered a judgment "that
there be stricken both from the amendment and the original petition
all allegations seeking to recover upon grounds ex delicto, and the
special demurrers complaining as to the general damages be and the
same are hereby sustained," and there was no exception to the judgment,
it became the law of the case.  And where, at a subsequent term of the
court, the plaintiff announced in open court that he did not insist on
damages ex contractu, but insisted on damages ex delicto, arising
out of a breach of the contract, it was not error for the court to sustain
a demurrer and dismiss the petition as amended.  See *Colquitt* v. *Geor-
gia Railway & Power Co.,* 146 *Ga.* 249 (91 S. E. 70).

> *Judgment affirmed.  Wade, C. J., and Jenkins, J., concur.*
> DECIDED OCTOBER 15, 1918.

Action on contract; from city court of Atlanta—Judge Reid.
May 10, 1918.

*Munday & Cornwell, James K. Hines,* for plaintiff.
*Rosser, Slaton, Phillips & Hopkins,* for defendant.

---

## 9722.  LOWE v. BURDEN.

BROYLES, P. J.   1. The amendment to the motion for a new trial complains
solely of the exclusion of certain evidence, but it is not shown therein
that this evidence was offered by the plaintiff in error.  Accordingly,
that ground of the motion raises no question for adjudication by this
court.

2. There was some evidence which authorized the verdict; and, it having
been approved by the trial judge, this court has no authority to in-
terfere.

> *Judgment affirmed.  Bloodworth and Harwell, JJ., concur.*
> DECIDED OCTOBER 15, 1918.

Complaint; from city court of Houston county—Judge Riley.
March 14, 1918.

*L. D. Moore,* for plaintiff in error.   *C. L. Shepard,* contra.