## 14966.　Miller v. Wellborn.

Luke, J. 1. The ground of the motion for a new trial which complains that "the court refused to allow the witness Mrs. W. T. Miller to testify as to whether the plaintiff would willingly answer questions on cross-examination in the justice's court when the case was first tried, touching upon his obtaining the note and his title thereto," is too indefinite and incomplete to raise any question for consideration by this court. See, in this connection, *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712).

2. The ground which complains of the admission in evidence of the note sued upon cannot be considered, since the note is not set forth in the ground or attached thereto as an exhibit. Moreover, where, as in the instant case, in a suit on a note in a justice's court, a correct copy of the note is annexed to the original summons, but the purported copy annexed to the summons served on the defendant is incorrectly copied, the defect can be taken advantage of only by attacking the sufficiency of the service; and where the defendant appears and pleads to the merits, without in any way bringing such defect into question, he will be held to have waived it. *Talbott* v. *Collier*, 102 *Ga.* 550 (2) (28 S. E. 225).

3. Where the plaintiff sues as the transferee of a negotiable promissory note, and then puts in evidence the note with the transfer regularly written thereon, he does not have the burden of proving the execution of the indorsement, unless the defendant has filed a plea of non est factum as to the indorsement. *Gray* v. *Oglesby*, 9 *Ga. App.* 356 (71 S. E. 605).

4. On an appeal to a jury in the superior court, the plaintiff having proved his case as laid in his proceeding, and the defendant having utterly failed to establish any defense, the court did not err in directing a verdict for the plaintiff.

　　　　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

　　　　　　　　　Decided January 15, 1924.

Appeal; from DeKalb superior court—Judge Hutcheson. July 14, 1923.

*Carl T. Hudgins,* for plaintiff in error.

*Paul L. Lindsay,* contra.