### 15907.   BOHANNON v. KNAPP.

Although an instruction complained of in the motion for a new trial and
certified by the judge as a part of the charge of the court is not
contained in a separate part of the record certified by him as the charge
of the court, it will not be assumed by this court that the instruction
complained of was not given, but the record will be reconciled by as-
suming that all the instructions certified by him were given.

The verdict was authorized by the evidence. The charge of the court was
full, clear, and fair, and was not subject to any of the exceptions
taken.

DECIDED APRIL 15, 1925.

Attachment; from city court of Newnan—Judge Post.   August
15, 1924.

Knapp sued Bohannon in attachment for the principal sum of
$15,000, on a written unconditional promise to pay for money
loaned.   The plaintiff alleged that the note had been left in a
safe to which both plaintiff and defendant had access, and had
become lost, and he undertook to establish a. copy of its contents.
The defendant admitted receiving the money, and set up by his
plea that the money was received not as a loan, but under an agree-
ment whereby he was to organize a corporation in the State of
New York, using the money so received in acquiring certain prop-
erties for said corporation, and that, upon this being done, the
plaintiff was to receive one half of the capital stock of the corpora-
tion in satisfaction of the said advance; that the money was in
fact used as provided by the terms of the agreement, and that the
plaintiff was tendered one half of the capital stock of the corpora-
tion as had been agreed, but refused to receive it, and failed to re-
turn to the defendant certain collateral stock pledged to him by the
defendant in guarantee of performance of the obligation set forth
in his plea; and the defendant asked damages by way of recoup-
ment in the sum of $45,000, the alleged value of the hypothecated
collateral.   On the trial the issue was whether the money had
been turned over to the defendant as a mere loan, as contended by
the plaintiff, or whether it had been advanced for the purpose and
under the agreement alleged by the defendant.   On this issue the
testimony of the parties was in sharp conflict.   The plaintiff testi-
fied that the note sued on, containing an unconditional promise
to pay, together with the collateral securities attached, had been
filed in a safe to which both of the parties had access, and that

all these papers disappeared and became lost. The plaintiff's
evidence went to show that the collateral securities were entirely
worthless at the time they were attached to the note, and remained
worthless. His testimony as to the terms of the note or agreement
was corroborated by certain other witnesses, who testified as to
the contents of the lost instrument sued on. The gravamen of all
the special assignments of error, except the 9th, is to the effect
that the judge in his charge to the jury failed to present fairly the
defense that the plaintiff was not entitled to recover on the case
as made, because there was no unconditional borrowing of money
from him by the defendant; the defendant insisting that he entered
into an agreement with Knapp to organize a corporation, and that
no money was borrowed by him, but that he received of Knapp
money to be used to promote the corporation as agreed. In the
motion for a new trial exception is taken not only to the failure
so to charge, but to various excerpts from the charge as being de-
fective for this same reason. In the 4th and 5th grounds of excep-
tion some variance appears between the excerpts therein, as certified
by the judge, and the corresponding portions of the charge of the
court certified as a whole. The 9th ground of the motion is as
follows: "That the court erred in the trial of said case, for that
during the charge by the court to the jury and in the presence and
in the hearing of the jury, the court turned to counsel for defend-
ant and said, 'Do you wish me to instruct the jury upon your plea
that the plaintiff has damaged Bohannon in refusing to return to
him the three hundred shares of stock?' Movant's counsel in-
formed the court that he desired the jury instructed upon that
branch of the case, whereupon the court proceeded to charge the
jury. Movant insists that the conduct of the court was especially
prejudicial and hurtful to movant for the reason that it belittled
and minimized the importance of this defense, especially as, in
the beginning of the charge, the court had stated to the jury that
the issue was a part of the pleadings and evidence in the case, and,
if not an intimation or an expression of opinion by the court that
the evidence did not authorize a recovery by the defendant against
the plaintiff, as insisted, that the insistence was a trivial matter
and not worthy of real consideration." With respect to this ground,
the judge made this additional certificate: "The case was tried
throughout on a sole issue as to whether or not $15,000 Knapp let

Bohannon have was a loan. Neither before the court nor in addressing the jury did defendant's counsel argue or insist upon damages. On completing my charge, having the pleadings lying on my desk before me, I noticed a part of the plea claiming damages for non-return of the collateral stock certificates, and turned to defendant's counselor and asked him if he wished a charge on that branch of the case. He replied, 'It is a part of the plea, your honor;' whereupon I supplemented my charge on that issue."

A. H. *Freeman,* for plaintiff in error.

W. G. *Post,* contra.

JENKINS, P. J. (After stating the foregoing facts.)

1. While it is a well-settled rule that, where a conflict occurs between the recitals in a bill of exceptions and the record, the record controls (*May* v. *State,* 90 *Ga.* 794 (3), 17 S. E. 108; *Rome Ry. &c. Co.* v. *King,* ante, 385), yet where a conflict occurs in the certified record itself, as where a judge certifies to having given a specific instruction, and the general charge as also certified and sent up does not contain the language of such excerpt in the instruction embracing the law on the same subject, the record will be reconciled by assuming that both charges were given. *Grooms* v. *Grooms,* 141 *Ga.* 478 (3) (81 S. E. 210). In the instant case it appears manifest to us that the excerpts specifically excepted to, and certified by the judge to be true, constitute true and correct excerpts from the charge as given.

2. The charge as a whole has been carefully read and considered, as well as the particular excerpts excepted to, and we hold that the complaints that the judge failed to present fairly to the jury the defense actually relied on by the defendant is altogether without merit. The language of the plea, setting forth fully, plainly, and at length this ground of defense, was given to the jury, and throughout the entire voluminous charge and in dealing with every phase of the law this one vital issue in dispute was plainly recognized and set forth. It is true that the defendant denied that the agreement under which the money was received constituted an unconditional promise to pay, and contended that it was not a mere loan—this was the one issue in dispute; and it is true that the excerpt from the charge as set forth in the 4th ground of the motion refers to the "note" as having been "admittedly" made, and the excerpt set forth in the 5th ground refers

to the collateral as having been given to secure a "loan," other-
wise referred to in the charge as an "advance;" still, since there
was no dispute that the money was actually loaned, advanced, or
received, either as a mere loan under an unconditional promise to
repay or for the purpose of being used by the defendant in the
organization of the proposed corporation, in which latter event the
loan or advance was to be satisfied by the tender or delivery of
one half of the capital stock, and since the issue was not whether
the money had been loaned or advanced, but related solely to
how such loan or advance should be satisfied, and since the judge
plainly, fully, fairly, and repeatedly instructed the jury to pass
upon that issue as the determining factor in the case, we do not
think that the use of the word "loan" in the matter referred to
could have possibly prejudiced the jury. Nor do we think that
the exception taken in the 9th ground of the motion would au-
thorize us to set the verdict and judgment aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*