## 17377.   BARTON v. THE STATE.

BLOODWORTH, J. 1. Each ground of a motion for a new trial should be complete within itself, and by and of itself should point out error. A ground of the motion which alleges that "the court failed to charge the contention of the defendant," without naming any "contention," is too indefinite to be considered.

2. Before a ground of a motion for a new trial based upon the refusal of the court to give written instructions to the jury can be considered, it must appear from the ground itself that the request "was tendered to the court before the jury retired to consider of their verdict." *Smith* v. *State*, 27 *Ga. App.* 268 (108 S. E. 67). The ground should show also that "the requested instructions were pertinent and applicable to the facts of the case." *Hightower* v. *State*, 33 *Ga. App.* 73 (125 S. E. 511).

3. Without a request the trial judge is not required to give in charge to the jury "a contention," a theory of the defense, which is raised by the statement of the defendant only. *Sanford* v. *State*, 31 *Ga. App.* 160 (2) (120 S. E. 29); *Isom* v. *State*, 32 *Ga. App.* 75 (2) (122 S. E. 722).

4. This court can not say as a matter of law that the verdict is without evidence to support it; and it having been approved by the trial judge, and no error of law having been committed, under the uniform rulings of this court and the Supreme Court a reviewing court is powerless to interfere.

---

Criminal Law, 16 C. J. p. 1058, n. 29; p. 1218, n. 53 New; p. 1220, n. 97, 97 New; 17 C. J. p. 91, n. 76 New; p. 177, n. 88; p. 271, n. 41,

5. The motion to arrest the judgment was without merit and was properly overlooked. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 13, 1926.

Violating liquor law; from city court of Macon—Judge Hall. April 15, 1926.

Application for certiorari was made to the Supreme Court.

*Earl W. Butler,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.