19042. TRAMMELL *et al. v.* SHIRLEY, for use, etc.

DECIDED NOVEMBER 14, 1928.

*J. P. Brooke,* for plaintiffs in error.
*H. B. Moss, G. B. Walker,* contra.

LUKE, J. In this suit against the sureties on a constable's bond the defense was non est factum. On the first trial of the case the court directed a verdict for the defendants, and this court, in *Shirley v. Trammell,* 34 *Ga. App.* 776 (131 S. E. 190), held that the evidence was in sharp conflict as to when the bond was signed by the sureties, and reversed the judgment of the trial court.

When the case was tried the second time the jury found for the plaintiff, and the defendants filed a motion for a new trial, based on the general grounds and on the special ground that the court erred in not granting a new trial because of newly discovered evidence. Error is assigned on the judgment overruling this motion.

The defendants admitted in open court that they signed the bond, but insisted that they signed it "as of August 25, 1923." They further admitted that their principal on the bond defaulted between January 1, 1923, and August 25, 1923.

It is readily seen that the controlling question is whether or not the bond, at the time it was signed by the defendants, was dated

January 1, 1923 or August 25, 1923. And, since the evidence was conflicting as to this crucial question, the jury's verdict resolving that conflict in favor of the defendant in error can not be disturbed by this court for any reason assigned in the general grounds of the motion for a new trial.

■ The alleged newly discovered evidence referred to in the only special ground of the motion for a new trial is that of the son of the deceased principal on the bond. At the trial of the case, this witness testified for the plaintiffs in error, and we would, in any event, feel hesitant in holding that the trial judge abused his discretion in overruling this ground of the motion. However, this ground is not for our consideration. In the first place, the affidavit of the two witnesses in support of the witness upon whose evidence a new trial was sought is defective in that it fails to show the associates and means of knowledge of such witness. Civil Code (1910), § 6086; *Hart* v. *State,* 36 *Ga.* App. 673 (2) (137 S. E. 798); *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Carpenter* v. *State,* 35 *Ga. App.* 349 (133 S. E. 350). In the second place, the affidavit of the defendants and their counsel as to diligence merely stated that they "did not know of the evidence . . before the trial of the case therein stated, and that the same could not have been discovered by the exercise of ordinary diligence." This was a mere conclusion of the affiants, without basic facts from which the court could judge whether or not they could have discovered the evidence by the exercise of ordinary diligence; and the special ground also was defective for this reason. *Hart* v. *State,* supra; *Taylor* v. *State,* 132 *Ga.* 235 (3) (63 S. E. 1116); *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178).

■ This court is so often called on to pass upon motions for a new trial which contain grounds not in proper form for consideration, that, for the convenience of members of the bar, the writer of the foregoing opinion is permitted by his associates, who concur in the judgment of affirmance, to incorporate herein a brief digest of decisions on defects of form in such motions, which was prepared by Judge A. W. Cozart, of the Columbus bar.

*Rule 1.* (*a*) A ground of a motion for new trial can not be considered which contains an affirmative statement of fact material to the determination of the error assigned, unless it is unqualifiedly approved by the trial judge. *Jordan* v. *State,* 153 *Ga.* 167 (111 S. E. 417); *Hayes* v. *Chapman,* 147 *Ga.* 625 (95 S. E. 216).

(b) What are known as the "general grounds" do not have to be approved. *Harris* v. *State,* 120 *Ga.* 196 (47 S. E. 573).

A ground based on newly discovered evidence need not be approved by the trial judge in the sense that the recitals of facts in the affidavits offered in support of the ground are verified as true. *Avery* v. *State,* 11 *Ga. App.* 418 (75 S. E. 446).

(c) A ground of a motion for a new trial may be approved or verified by the trial judge in the bill of exceptions, or by a certificate made upon or attached to the motion, or in a certificate attached to each separate ground. *National Fire Ins. Co.* v. *Van Giesen,* 132 *Ga.* 671 (64 S. E. 655) ; *Strickland* v. *State,* 8 *Ga. App.* 421 (1) (69 S. E. 313).

(d) "The usual general certificate of a trial judge approving as true all statements of fact contained in a special ground of a motion for a new trial will be construed by this court [the Court of Appeals] as approving as true only such statements in the ground as are purely statements of fact, and not as approving other allegations therein, which, although stated as facts, should properly be construed as mere conclusions of the movant based upon facts set forth in the ground." *Humphrey* v. *State,* 24 *Ga. App.* 22 (99 S. E. 714) ; *Rewis* v. *State,* 27 *Ga. App.* 258 (108 S. E. 62).

(e) "Allowing" an amendment to a motion for a new trial is not an "approval" of grounds contained in the amendment. *Wright* v. *State,* 9 *Ga. App.* 235 (70 S. E. 968) ; *Thornton* v. *Cordell,* 8 *Ga. App.* 588 (70 S. E. 17) ; *Pollard* v. *State,* 125 *Ga.* 270 (54 S. E. 171), and cases cited.

(f) A ground of a motion for a new trial, though approved, is not valid, if it is contradicted by the record. *Harris* v. *Vallee,* 29 *Ga. App.* 769 (9) (116 S. E. 642) ; *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182) ; *Georgian Co.* v. *Kinney,* 19 *Ga. App.* 732 (3) (92 S. E. 31).

While it is well settled that, where a conflict occurs between the recitals in a bill of exceptions and the record, the record controls (*May* v. *State,* 90 *Ga.* 704 (3) 17 S. E. 108; *Rome Ry. &c. Co.* v. *King,* 33 *Ga. App.* 385, 126 S. E. 294), yet where a conflict occurs in the certified record itself, as where the judge certifies to having given a specific instruction, and the general charge as also certified and sent up does not contain the language of such excerpt in the instruction embracing the law on the same subject, the record will

be reconciled by assuming that both charges were given. *Grooms* v. *Grooms,* 141 *Ga.* 478 (3) (81 S. E. 210). *Bohannan* v. *Knapp,* 33 *Ga. App.* 702, 704 (127 S. E. 808).

(*g*) "Rulings upon the sufficiency of pleadings are not proper subject-matter for a motion for a new trial." *Coulson* v. *State,* 13 *Ga. App.* 148 (2) (78 S. E. 1108), and citations; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623), and cit.; *Watkins* v. *Mims,* 35 *Ga. App.* 170, 171 (132 S. E. 241).

"A judgment upon a demurrer cannot be considered upon a motion for a new trial." *Polhill* v. *State,* 25 *Ga. App.* 383 (103 S. E. 469).

(*h*) Where the judge grants a nonsuit, "a motion for a new trial is not the proper remedy for testing the correctness of such ruling." *Buchanan* v. *James,* 134 *Ga.* 475 (2), (3) (68 S. E. 72).

(*i*) "Attacks upon a decree furnish no ground of a motion for a new trial." *Fowler* v. *Johnson,* 151 *Ga.* 122 (*c*) (106 S. E. 90).

*Rule 2.* "A motion for a new trial is a means of seeking to have a retrial, or re-examination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury, report of a referee, or a decision by the court thereon. It is an application for a retrial of the facts of the case." *Buchanan* v. *James,* supra; *Herz* v. *Claflin Co.,* 101 *Ga.* 615 (5) (29 S. E. 33).

*Rule 3.* "Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable." *Mackin* v. *Blalock,* 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220); *Jones* v. *Richards,* 23 *Ga. App.* 560 (99 S. E. 11).

*Rule 4.* A ground of a motion for a new trial in regard to the refusal of a request to charge is not in proper form for consideration where it is not alleged in the ground that the requested charge was pertinent and applicable to the facts of the case. *Killabrew* v. *State,* 26 *Ga. App.* 231 (2) (105 S. E. 711); *Caswell* v. *State,* 27 *Ga. App.* 76 (7) (107 S. E. 560); *Savannah &c. Ry.* v. *Davis,* 28 *Ga. App.* 654'(2) (112 S. E. 907); *Monroe* v. *Warten Cotton Co.,* 29 *Ga. App.* 358 (115 S. E. 279); *Pulliam* v. *State,* 30 *Ga. App.* 250 (3) (117 S. E. 822); *Ward* v. *Gardner,* 35 *Ga. App.* 569 (2) (134 S. E. 346); *Coney* v. *State,* 30 *Ga. App.* 132 (4) (117 S. E. 99).

*Rule 5.* A ground of a motion for a new trial complaining of the refusal of a written request to charge is not in proper form, where the ground contains no other statement as to the time of the request than that it was preferred, presented, or submitted to the court "in proper time," or "in due time," or where it alleges merely that the request was "properly submitted." These are mere conclusions of the plaintiff in error. *Keese* v. *Mize,* 27 *Ga. App.* 666 (4) (110 S. E. 417) ; *Jones* v. *W. & A. R. Co.,* 23 *Ga. App.* 725 (3) (99 S. E. 388) ; *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 166 (12) (120 S. E. 31).

The ground must affirmatively show that the written request was presented to the trial judge "before the jury retired to consider their verdict."

*Rule 6.* The written request must be set out in the ground or attached thereto as a part thereof. *Foskey* v. *State,* 119 *Ga.* 72 (45 S. E. 967).

*Rule 7.* It must appear that the written request was sound and accurate as a proposition of law. It should be perfect. *Macon, D. & S. R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902).

*Rule 8.* "Where a series of propositions are presented en bloc in a single request to charge, the court is not required to give them or any part of them, if any one of them is erroneous or inapplicable to the case on trial." *Western Union Tel. Co.* v. *Owens,* 23 *Ga. App.* 169 (5) (98 S. E. 116) ; *Thompson* v. *O'Connor,* 115 *Ga.* 120 (5) (47 S. E. 242).

*Rule 9.* A ground of a motion for a new trial complaining that the charge of the court is misleading, confusing, or argumentative is too general to be considered, where it fails to allege wherein it was misleading, confusing or argumentative. *Wade* v. *Eason,* 31 *Ga. App.* 256 (120 S. E. 440) ; *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201).

*Rule 10.* A ground of a motion for a new trial which complains of the admission, the failure to rule out, or the exclusion of testimony of a witness can not be considered where the name of the witness is not given in the ground. *Bean* v. *State,* 29 *Ga. App.* 260 (2) (114 S. E. 915) ; *Russ* v. *State,* 35 *Ga. App.* 476 (133 S. E. 748) ; *Peeples* v. *Butler,* 21 *Ga. App.* 310 (94 S. E. 278) ; *Palmer* v. *State,* 28 *Ga. App.* 567 (112 S. E. 154).

*Rule 11.* A ground of a motion for a new trial which com-

plains of the admission of evidence is not valid where the admissibility of the evidence was doubtful.

"It has long been the rule in this State when the admissibility of evidence is doubtful to admit it and leave its weight and effect to be determined by the jury." *McClelland* v. *State, 27 Ga. App.* 783 (3) (110 S. E. 245); *Mitchell* v. *State, 71 Ga.* 128; *Gilmer* v. *Atlanta, 77 Ga.* 688.

*Rule 12.* A ground of a motion for a new trial complaining of the admission or rejection of evidence is not valid where it appears that the evidence was admitted or rejected on the request of the complaining party. The maxim "consensus tollit errorem" applies to such an assignment of error. *Commercial City Bank* v. *Sullivan,* 18 *Ga. App.* 608 (5) (90 S. E. 173); *Threlkeld* v. *State,* 128 *Ga.* 660 (58 S. E. 49).

The same rule applies to a charge given at the request of the complaining party. *Gaskins* v. *State,* 12 *Ga. App.* 97 (4) (76 S. E. 777); *Howard* v. *State,* 115 *Ga.* 244 (4) (41 S. E. 654, 90 Am. St. R. 121), and cit.; *Laing* v. *Bodiford,* 25 *Ga. App.* 460 (103 S. E. 743).

*Rule 13.* A ground of a motion for a new trial complaining of an error in the charge of the court is not valid where it appears from the record that the error was cured when the motion was ruled upon. *Garrett* v. *Coweta Fertilizer Co.,* 20 *Ga. App.* 343 (2) (93 S. E. 68); *Dawson Paper Shell Pecan Co.* v. *Montezuma Fertilizer Co.,* 19 *Ga. App.* 42 (13) (90 S. E. 984).

*Rule 14.* A ground of a motion for a new trial is not in proper form for consideration unless it is complete in itself. *Franklin* v. *State,* 28 *Ga. App.* 460 (112 S. E. 170); *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (85 S. E. 361).

A ground is not complete if, to be intelligible, it is necessary to refer to: (*a*) Other parts of the record. *Sheppard* v. *State,* 28 *Ga. App.* 735 (2) (113 S. E. 54); *Powell* v. *State,* 35 *Ga. App.* 245 (132 S. E. 919). (*b*) Brief of evidence. *Cathey* v. *State,* 28 *Ga. App.* 666 (4) (112 S. E. 915); *Watkins Co.* v. *Mims,* 35 *Ga. App.* 170 (3) (132 S. E. 241); *Copeland* v. *Ruff,* 20 *Ga. App.* 217 (2) (92 S. E. 955). (*c*) Other grounds of the motion. *Dixon* v. *State,* 28 *Ga. App.* 756 (113 S. E. 24). (*d*) Pleadings. *McGuire* v. *State,* 29 *Ga. App.* 192 (114 S. E. 719). (*e*) Charge of the court. *Hawkes Co.* v. *Cowart Co.,* 21 *Ga. App.* 397 (94 S.

E. 643) ; *Head* v. *State*, 144 *Ga.* 383 (87 S. E. 273) ; *Thatcher* v. *Carolina Portland Cement Co.*, 21 *Ga. App.* 567 (94 S. E. 838).

*Rule 15.* "A ground of a motion for a new trial containing an extract from the charge of the court and alleging that the court erred in so charging, but which fails to point out wherein the excerpt quoted is erroneous, or why it should not have been given, or why different instructions should have been given, presents nothing for the consideration of a reviewing court." *Callaway* v. *Pearson*, 21 *Ga. App.* 565 (94 S. E. 817) ; *Mauldin* v. *Gainey*, 15 *Ga. App.* 353 (8) (83 S. E. 276) ; *Central of Ga. Ry. Co.* v. *Bond*, 111 *Ga.* 13 (36 S. E. 299).

*Rule 16.* Where an extract from the charge is unsound as an abstract proposition of law, it is necessary only to set it out and to allege that the court erred in so charging. *Jones* v. *State*, 135 *Ga.* 357 (6) (69 S. E. 527).

*Rule 17.* It has been repeatedly ruled that a ground of a motion for a new trial based on the admission or rejection of evidence presents nothing for adjudication, where such evidence is not set forth in the ground either literally or in substance, nor attached to the motion as an exhibit. *Shaw* v. *Jones*, 133 *Ga.* 446 (9) (66 S. E. 240) ; *Patterson* v. *Farish*, 34 *Ga. App.* 785 (131 S. E. 186).

*Rule 18.* "A ground of a motion for a new trial to the effect that the court erred in excluding the testimony specified as a whole is not a good ground, when a part of the testimony so specified is objectionable." *Jones* v. *Teasley*, 25 *Ga. App.* 784 (1-*b*) (105 S. E. 46), and cit.

The same rule applies where the evidence is not the testimony of a witness.

*Rule 19.* The overruling of an objection to certain testimony of a witness, or other evidence, in bulk, some of which is not open to the objection made, is not ground for a new trial. *M., D. & S. R. Co.* v. *Anchors*, 140 *Ga.* 531 (79 S. E. 153) ; *Fambrough* v. *DeVane*, 141 *Ga.* 794 (82 S. E. 249) ; *Edenfield* v. *Brinson*, 149 *Ga.* 377 (5) (100 S. E. 373), and cit. ; *Adams* v. *State*, 27 *Ga. App.* 48 (107 S. E. 388), and cit.

*Rule 20.* A ground of a motion for a new trial complaining of the illegal admission of evidence is not valid unless it appears that an objection was made when the evidence was offered, and unless it appears what the objection was. *Clare* v. *Drexler*, 152 *Ga.* 419 (5)

(110 S. E. 176); *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325), and cit.; *Hardy* v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101). In certain cases it must appear that the objection was made promptly. *Cheney* v. *Bank of Bremen,* 25 *Ga. App.* 114 (102 S. E. 903); *Birmingham Lumber Co.* v. *Brinson,* 94 *Ga.* ·517 (20 S. E. 437).

*Rule 21.* "A ground of a motion for a new trial complaining of the rejection of testimony offered by the movant, where the motion for a new trial fails to show upon what ground the testimony was excluded or that the judge rejected it upon his own motion, is not too defective to be considered by the reviewing court." *Morgan County Bank* v. *Poullain,* 157 *Ga.* 423 (4) (121 S. E. 813).

*Rule 22.* In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear: (*a*) That a pertinent question was asked. (*b*) That the court ruled out the answer. (*c*) That a statement was made to the court at the time the question was asked, showing what the answer would be. (*d*) That the testimony was material. (*e*) That it would have benefited the complaining party. *Griffin* v. *Henderson,* 117 *Ga.* 382 (43 S. E. 712). An exception to the foregoing rule (or rules) may, in some cases, be made as to answers excluded on cross-examination, where the party is entitled to sift and test a witness, or may not know what the answer would be. *Griffin* v. *Henderson,* supra; *Tillman* v. *Bomar,* 134 *Ga.* 660 (2, 2-a) (68 S. E. 504). "The rule requiring the assignment of error to show what answer was expected, the materiality of the excluded evidence, and that the judge was informed thereof at the time of the ruling, does not apply to the examination of hostile witnesses, or to pertinent questions on cross-examination, where the party making the inquiry can not be expected to know what the witness would testify." *Bell* v. *Felt,* 119 *Ga.* 498 (46 S. E. 642). (*f*) Where an exception to the rule is relied upon by the movant, the ground should aver that the witness was on cross-examination, or was hostile, as the case might have been in the particular case. (*g*) It must appear that the movant asked the question or offered to have the witness give the testimony which was excluded. *Lowe* v. *Burden,* 22 *Ga. App.* 679 (97 S. E. 106). (*h*) The name of the witness must be given. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523). (*i*) The excluded testimony, or evidence, in substance or literally, must be

set out in the ground. *Clare* v. *Drexler,* supra; *Cobb* v. *Coffey,* 149 Ga. 264 (99 S. E. 864): (*j*) It must appear that the evidence was material to the issues involved. *Bourquin* v. *Bourquin,* 151 *Ga.* 575 (107 S. E. 767); *Bowden* v. *Bowden,* 125 *Ga.* 107 (53 S. E. 606). (*k*) It must appear that the exclusion of the testimony was prejudicial. *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545); *Middlebrooks* v. *Fisk Tire Co.,* 31 *Ga. App.* 535 (121 S. E. 134). Of course, rules (i), (j), and (k) do not apply where the witness was on cross-examination, or hostile, if the exception is averred in the ground.

*Rule 23.* A ground of a motion for a new trial complaining of the exclusion of evidence (other than the testimony of a witness) must set forth in the ground: (*a*) The excluded evidence, literally or in substance. *Danner* v. *Johns,* 147 *Ga.* 667 (95 S. E. 233); *Bostock* v. *State,* 34 *Ga. App.* 595 (130 S. E. 221). (*b*) That the movant offered the evidence. *Kimbrel* v. *State,* 24 *Ga. App.* 696 (101 S. E. 920); *Lowe* v. *Burden,* 22 *Ga. App.* 679 (97 S. E. 106); *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937). (*c*) That the court ruled the evidence out. *Bowden* v. *Bowden,* 125 *Ga.* 107 (53 S. E. 606); *Griffin* v. *Henderson,* supra. (*d*) That the evidence would have benefited the movant. *Griffin* v. *Henderson,* supra; *Allen* v. *Kessler,* 120 *Ga.* 319 (47 S. E. 900). (*e*) That the exclusion of the evidence was prejudicial to the movant. *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545); *Middlebrooks* v. *Fisk Tire Co.,* 31 *Ga. App.* 535 (121 S. E. 134). (*f*) That the evidence was material to the issues involved. *Bourquin* v. *Bourquin,* 151 *Ga.* 578 (2); *Griffin* v. *Henderson,* supra.

*Rule 24.* A ground of a motion for a new trial complaining of the illegal admission of evidence must set forth: (*a*) The evidence, literally or in substance. *Clare* v. *Drexler,* supra. (*b*) That the movant objected to the evidence at the time it was offered. *Hardy* v. *Hardy,* supra; *Clare* v. *Drexler,* supra. (*c*) That the opposing party offered the evidence. *City of LaGrange* v. *Coller,* 29 *Ga. App.* 577 (116 S. E. 204). (*d*) The ground of the objection urged by the movant before the court at the time the evidence was offered. *Clare* v. *Drexler,* supra; *Hardy* v. *Hardy,* supra. (*e*) That the court overruled the objection and admitted the evidence. *Griffin* v. *Henderson,* supra. (*f*) That the evidence was material and prejudicial to the movant, and how it was

hurtful to the movant. *Hunter* v. *State,* 148 *Ga.* 566 (2) (97 S. E. 523) ; *McGuire* v. *State,* supra; *Allen* v. *State,* 29 *Ga. App.* 213 (2) (114 S. E. 583).; *Clare* v. *Drexler,* supra; *Mayor &c. of Gainesville* v. *White,* 27 *Ga. App.* 16 (107 S. E. 571). (*g*) Where the evidence was the testimony of a witness, the name of the witness should be given. *Clare* v. *Drexler,* supra. (*h*) It should appear from the ground, by express averment or otherwise, that the inadmissibility of the evidence was not doubtful. *Jasper County* v. *Butts County,* 147 *Ga.* 673 (95 S. E. 254), and cit. (*i*) As a general rule, the objection to the evidence must be made promptly, and before the movant cross-examines the witness. *Central of Ga. Ry. Co.* v. *James,* 143 *Ga.* 753 (85 S. E. 920). But where the inadmissibility of the evidence does not appear until during the cross-examination, this last rule would not apply.

*Rule 25.* Where improper remarks prejudicial to the movant have been made in the presence of the jury by opposing counsel, and the trial judge has rebuked the offending counsel, and has instructed the jury that the remarks were improper, and to disregard them, but it is not probable that the rebuke of counsel and the instructions of the court to the jury have eradicated the injury, and where the complaining party promptly moves that a mistrial be declared on account of the improper remarks, and the court refuses to declare a mistrial, a ground of a motion for a new trial on account of the refusal to declare a mistrial must set forth: (*a*) The improper remarks. (*b*) That they were made in the presence of the jury by opposing counsel, and the name of the opposing counsel should be set forth. (*c*) That the remarks were prejudicial to the movant. (*d*) That the remarks were not referable to any evidence introduced on the trial and were not authorized by the evidence. (*e*) That the movant made a motion for a mistrial before the verdict was rendered. (*f*) That it is probable that the injury was not eradicated by the instructions to the jury to disregard the remarks and by the rebuke of the offending counsel by the court. (*g*) That the court refused to grant a mistrial. *Hunter* v. *State,* 133 *Ga.* 78 (9) (65 S. E. 154) ; *Hudson* v. *State,* 101 *Ga.* 520 (3) (28 S. E. 1010) ; *Morris* v. *Maddox,* 97 *Ga.* 575 (2) (25 S. E. 487) ; *Smoot* v. *State,* 146 *Ga.* 76 (90 S. E. 715) ; *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959) ; *Butler* v. *State,* 142 *Ga.* 286 (11) (82 S. E. 654). A ruling of the court

must be invoked. *Farmer* v. *State,* 91 *Ga.* 720 (18 S. E. 987);
*Ivey* v. *State,* supra.

As to proper practice where improper remarks are made by
counsel, see *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Rogers*
v. *State,* 18 *Ga. App.* 332 (89 S. E. 460). "The ground of a mo-
tion for a new trial assigning error upon a remark of the solicitor-
general, alleged to be improper, can not be considered, for the
reason that it fails to aver that the comment or conclusion of the
solicitor-general was not referable to any evidence adduced upon
the trial." *Blount* v. *State,* 18 *Ga. App.* 204 (2) (89 S. E. 78).
"Where a remark of counsel in argument to the jury, alleged to be
improper, is the basis of a ground of a motion for a new trial, the
ground should aver that the remark was not referable to any evi-
dence introduced on the trial." *Jabaley* v. *State,* 26 *Ga. App.* 76
(105 S. E. 710). The ground of a motion for a new trial assign-
ing error upon the remark of the solicitor-general, made in his
concluding argument, alleged to be improper and inflammatory and
prejudicial to the rights of the defendant, can not be considered
for the reason that it fails to allege that the remark or conclusion
of the solicitor-general was not authorized by the evidence in the
case. *Blount* v. *State,* supra. In the absence of such an allega-
tion, the solicitor-general's remark will be regarded as a deduction
from the evidence. *Floyd* v. *State,* 143 *Ga.* 286 (5) (84 S. E.
971).

*Rule 26.* A ground of a motion for a new trial complaining of
the admission or rejection of evidence is not valid where it appears
from the record that the error was cured by the trial judge in his
charge. *Belle Isle* v. *Kindig,* 25 *Ga. App.* 293 (4) (103 S. E.
269); *Norris* v. *Richardson,* 151 *Ga.* 31 (105 S. E. 493). But
there is an exception to this rule where it appears that the error
was prejudicial on other issues. *Norris* v. *Richardson,* supra.

*Rule 27.* A ground of a motion for a new trial complaining of
the admission of evidence is not valid where it appears that the evi-
dence was later withdrawn or later excluded. *Collins* v. *State,* 27
*Ga. App.* 223 (107 S. E. 782). But there is an exception to this
general rule where it appears that injury was done by admitting the
evidence and that it is probable that the injury was not cured by
the withdrawal of the evidence or by subsequently ruling it out.
*Thompson* v. *State,* 12 *Ga. App.* 201 (4) (76 S. E. 1072); *Mc-
Donald* v. *State,* 72 *Ga.* 55.

*Rule 28.* A ground of a motion for a new trial complaining of the admission of evidence is not valid where it is based upon a fact unless the assignment of error shows that fact. *Garrick* v. *Tidwell,* 151 *Ga.* 294 (4) (106 S. E. 551).

*Rule 29.* A ground of a motion for a new trial complaining of the admission or exclusion of evidence which was offered to prove an uncontradicted fact is not valid. *Ala. Great So. R.* v. *Hardy,* 131 *Ga.* 238 (62 S. E. 71).

*Rule 30.* A ground of a motion for a new trial complaining of the admission of evidence which was admitted by the court conditionally or provisionally is not valid where it does not appear in the ground that the objection was renewed. Failure to renew the objection amounts to a waiver. Such evidence need not be ruled out by the judge ex mero motu. *Davis* v. *State,* 25 *Ga. App.* 532 (7) (103 S. E. 819) ; *Quinn* v. *State,* 22 *Ga. App.* 632 (97 S. E. 84) ; *Stone* v. *State,* 118 *Ga.* 705 (9) (45 S. E. 630, 98 Am. St. R. 145) ; *Hix* v. *Gulley,* 124 *Ga.* 547 (52 S. E. 890) ; *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897).

*Rule 31.* A ground of a motion for a new trial complaining of the admission or the exclusion of evidence is not valid where it fails to show who offered the evidence. *City of LaGrange* v. *Cotter,* supra ; *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192).

*Rule 32.* "A ground of a motion for a new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545) ; *Corona* v. *DeLaval Separator Co.,* 24 *Ga. App.* 684 (102 S. E. 44) ; *Cathey* v. *State,* 28 *Ga. App.* 666 (3) (112 S. E. 915) ; *Parker* v. *State,* 28 *Ga. App.* 673 (3) (112 S. E. 908) ; *Middlebrooks* v. *Fisk Tire Co.,* supra.

*Rule 33.* A ground of a motion for a new trial complaining of the refusal of the court to direct a verdict is not valid. "It is never reversible error to refuse to direct a verdict." *Bennett* v. *Patten,* 148 *Ga.* 66 (3-b) (95 S. E. 690).

*Rule 34.* "The failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial." *Cooper* v.

*Nisbet,* 119 *Ga.* 752 (3) (47 S. E. 173) ; *Savannah Electric Co.* v. *Thomas,* 30 *Ga. App.* 405, 418 (118 S. E. 481).

*Rule 35.* "It may be now considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Weinkle* v. *Brunswick &c. R. Co.,* 107 *Ga.* 367, 368 (33 S. E. 471) ; *Parks* v. *Stevens,* 21 *Ga. App.* 180 (94 S. E. 60). But see the exception where the first grant of a new trial rests solely on a question of law. *Hiller* v. *Howell,* 74 *Ga.* 174; *Dilman* v. *Patterson Produce Co.,* 2 *Ga. App.* 213 (4) (58 S. E. 365).

*Rule 36.* As a general rule, a ground of a motion for a new trial complaining of the refusal of a written request to charge is not valid where it appears that in the charge given the request was substantially covered; but there are certain exceptions to this rule : (*a*) "A specific charge which is legal and adjusted to a distinct matter in issue, . . and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court." *Crawford* v. *State,* 117 *Ga.* 247 (4) (43 S. E. 762) ; *Kaufman* v. *Young,* 32 *Ga. App.* 135 (2) (122 S. E. 822). (*b*) "A refusal to instruct the jury in accordance with a correct request, duly made in writing and peculiarly appropriate to the facts of the case, is, when the refusal probably resulted in harm to the party making such request, cause requiring the grant of a new trial, though the court gave in charge an abstract principle of law covering the request." *Central of Ga. Ry. Co.* v. *Goodman,* 119 *Ga.* 234 (2) (45 S. E. 969) ; *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (5) (16 S. E. 49).

*Rule 37.* An assignment of error in a ground of a motion for a new trial is too general or too indefinite which alleges : (*a*) That "the court failed to charge the contention of the defendant."

*Barton* v. *State*, 35 *Ga. App.* 574 (134 S. E. 185). (*b*) That testimony was "wholly irrelevant, immaterial and inadmissible." *Manning* v. *State*, 33 *Ga. App.* 612 (9) (127 S. E. 475). (*c*) That "the court refused to allow" a main witness to testify as to "a stated matter." *Miller* v. *Wellborn*, 31 *Ga. App.* 507 (121 S. E. 129). (*d*) That the court erred in admitting "all the testimony tending to," etc. *Deal* v. *Montgomery*, 31 *Ga. App.* 20 (3) (120 S. E. 26). (*e*) That the court erred in giving a certain instruction "without qualification." *Van Dyke* v. *Van Dyke*, 31 *Ga. App.* 67 (4) (119 S. E. 436). (*f*) That the court erred "in failing to clearly and distinctly state to the jury the issues raised by the affidavit of illegality." *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440). (*g*) That the court refused to charge "the entire law of the case." *Clark* v. *State*, 30 *Ga. App.* 633 (5) (118 S. E. 596). (*h*) That testimony was "illegal." *Cowart* v. *State*, 30 *Ga. App.* 289 (117 S. E. 663). (*i*) That testimony was "highly prejudicial." *Cowart* v. *State*, supra. (*j*) That testimony was "not competent," or was "inadmissible." *Parker* v. *State*, 28 *Ga. App.* 673 (4) (112 S. E. 908). (*k*) That "the damage claimed by the plaintiff was speculative and remote and incapable of accurate ascertainment." *Port Wentworth Terminal Corp.* v. *Leavitt*, 28 *Ga. App.* 82 (5) (110 S. E. 686). (*l*) That a certain charge was not such "as the law and the facts of the case called for." *Wilson* v. *Clark*, 26 *Ga. App.* 304 (2) (106 S. E. 8). (*m*) That the court failed to charge the "law" on a stated subject. *Hudson* v. *State*, 26 *Ga. App.* 596 (4) (107 S. E. 94). (*n*) That the court erred in admitting certain evidence "as to relevancy." *Corona* v. *DeLaval Separator Co.*, 24 *Ga. App.* 683 (4) (102 S. E. 44). (*o*) That the court erred "because the court failed to charge the law of circumstantial evidence." *Goen* v. *State*, 24 *Ga. App.* 370 (100 S. E. 769). (*p*) That the court erred in refusing to allow counsel to ask a main witness "concerning" a specified matter. *Carson* v. *State*, 22 *Ga. App.* 743 (2) (97 S. E. 202). (*q*) That evidence was "inadmissible." *McDonald* v. *State*, 21 *Ga. App.* 126 (6) (94 S. E. 262). (*r*) That the charge "did not correctly elucidate the contentions of counsel as to whether or not the contract was illegal." *Flowery Branch Gin Co.* v. *Shore*, 20 *Ga. App.* 361 (3) (93 S. E. 70). (*s*) That the court erred in admitting evidence "of a character tending to

show," etc. *Tolbert* v. *State*, 16 *Ga. App.* 311 (85 S. E. 267). (*t*) That the charge as a whole "did not present in a clear and lucid manner the issues involved in the case." *Hill* v. *Harris*, 11 *Ga. App.* 358 (11) (75 S. E. 518). (*u*) That certain instructions by the court were not authorized and were "otherwise illegal." *Mallock* v. *Kicklighter*, 10 *Ga. App.* 605 (73 S. E. 1073). (*v*) That the court failed to charge the jury "the law of gifts and sales." *Allen* v. *State*, 8 *Ga. App.* 284 (2) (68 S. E. 1009. (*w*) That the court erred because "the court did not caution the jury to disregard certain applause of the spectators." *Ravenel* v. *State*, 153 *Ga.* 130 (3) (111 S. E. 643). (*x*) That certain instructions by the court were "confusing and misleading." *Hill* v. *Render*, 33 *Ga. App.* 13 (7) (125 S. E. 79) (*y*) That "the court erred" in certain rulings. *Cathey* v. *State*, supra. (*z*) That a new trial is demanded by "the general countenance of the case." *Temples* v. *Central of Ga. Ry. Co.*, 19 *Ga. App.* 307 (7) (91 S. E. 502).

*Rule 38.* A timely preferred written request to charge is necessary to require the trial judge to charge on: (*a*) Application of rule of evidence to the testimony of a particular witness. *Holmes* v. *State*, 131 *Ga.* 806 (63 S. E. 347). (*b*) Application of doctrine of reasonable doubt in different propositions. *Pressley* v. *State*, 132 *Ga.* 64 (2) (63 S. E. 784). (*c*) Admission of one party in pleading given in evidence by the other party. *Roper* v. *Roberts*, 143 *Ga.* 128 (2) (84 S. E. 553). (*d*) Amplification of contention of party. *Ga. & Fla. R. Co.* v. *Tapley*, 144 *Ga.* 453 (2) (87 S. E. 473, L. R. A. 1916C, 1020). (*e*) Abandonment as illustrating adverse possession of land. *Tarver* v. *Deppen*, 132 *Ga.* 798 (7) (65 S. E. 177, 24 L. R. A. (N. S.) 1161). (*f*) Alibi where the evidence is weak. *Jenkins* v. *State*, 13 *Ga. App.* 82 (78 S. E. 828). Or where it is not sustained by the evidence. *Young* v. *State*, 125 *Ga.* 584 (2) (54 S. E. 82). (*g*) Accident, theory of, in charge on negligence. *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (4-a) (64 S. E. 680). There is an exception to this rule where the defense of accident is directly involved. *Conoly* v. *State*, 10 *Ga. App.* 822 (74 S. E. 285); *Hilton & Dodge Lumber Co.* v. *Ingram*, 119 *Ga.* 652 (11) (46 S. E. 895, 100 Am. St. R. 204). (*h*) Admissions, scanning with care; and receiving confessions with caution. *Baker* v. *State*, 14 *Ga. App.* 578, 582

(81 S. E. 805); *Thomas* v. *State*, 150 *Ga.* 269, 271 (103 S. E. 244). But see *Lucas* v. *State*, 110 *Ga.* 756 (36 S. E. 87); *Chapman* v. *State*, 28 *Ga. App.* 107 (110 S. E. 332). There is an exception to this rule where the defendant's conviction depends solely upon a confession. *Rucker* v. *State*, 2 *Ga. App.* 140 (2) (58 S. E. 295). (*i*) Admissions, effect of, coupled with explanatory, self-serving declarations. *Bryan* v. *Jones*, 134 *Ga.* 48 (2) (67 S. E. 399). (*j*) Accomplice, definition of, where he is the only witness connecting the defendant with the crime. *Baker* v. *State*, supra. (*k*) Assumption of risk by employee. *So. Ry. Co.* v. *Holbrook*, 124 *Ga.* 679 (4) (53 S. E. 203). (*l*) Burden of proof in a civil case. *Hunter* v. *Mahaffey*, 144 *Ga.* 185 (86 S. E. 538). But there is an exception to this rule. See *Pope* v. *S. A. L. Ry.*, 21 *Ga. App.* 251, 255 (94 S. E. 311). Burden shifting. *Albany Warehouse Co.* v. *Hillman*, 147 *Ga.* 490 (94 S. E. 569); *Pope* v. *S. A. L. Ry.*, supra. (*m*) Credibility of witnesses. *Childs* v. *Ponder*, 117 *Ga.* 553; *Baker* v. *State*, 14 *Ga. App.* 582. (*n*) Confessions. *Cook* v. *State*, 9 *Ga. App.* 208; *Baker* v. *State*, 14 *Ga. App.* 582. There is an exception to this rule when the conviction depends entirely upon a confession to connect the defendant with the crime. *Rucker* v. *State*, 2 *Ga. App.* 140 (2). But see *Thomas* v. *State*, 150 *Ga.* 269, 271 (103 S. E. 244). (*o*) Circumstantial evidence, where positive evidence was also introduced. *Fuller* v. *State*, 10 *Ga. App.* 34 (2). (*p*) Character, good, of defendant. *Wilkerson* v. *State*, 14 *Ga. App.* 475 (2). (*q*) Character of the deceased for violence. *Tillman* v. *State*, 136 *Ga.* 59 (70 S. E. 876). (*r*) Comparative negligence. *Savannah Electric Co.* v. *Crawford*, 130 *Ga.* 421 (60 S. E. 1056); *Central of Ga. Ry. Co.* v. *Hill*, 21 *Ga. App.* 233 (94 S. E. 50). There is an exception to this rule where the question of comparative negligence is raised by the pleadings. *Powell* v. *Berry*, 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306); *Hilton & Dodge Lumber Co.* v. *Ingram*, 119 *Ga.* 652 (46 S. E. 895, 100 Am. St. R. 204). (*s*) Cautionary instructions. *Powers* v. *State*, 138 *Ga.* 624 (75 S. E. 651). (*t*) Circumstantial evidence in a civil case. *Cowart* v. *Strickland*, 149 *Ga.* 397 (4) (100 S. E. 447, 7 A. L. R. 1110). (*u*) Definitions of: Technical terms, as a general rule. *Holmes* v. *Clisby*, 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103); *Roberts* v. *State*, 114 *Ga.* 450 (3) (40 S. E. 297). Ordinary care and

diligence. *A. & B. Ry. Co.* v. *Smith,* 2 *Ga. App.* 294 (58 S. E. 542). Misdemeanor. *Hembree* v. *State,* 17 *Ga. App.* 117 (86 S. E. 286). Felony. *Carver* v. *State,* 14 *Ga. App.* 267 (80 S. E. 508). Accomplice. *Baker* v. *State,* 14 *Ga. App.* 578 (1) (81 S. E. 805). (*v*) Distinctions: Between actual and legal residence. *Forlaw* v. *Augusta Naval Stores Co.,* 124 *Ga.* 261 (2) (52 S. E. 898). Between total and partial divorce. *Zachary* v. *Zachary,* 141 *Ga.* 404 (81 S. E. 120). (*w*) Defense, special. *Wiley* v. *State,* 3 *Ga. App.* 120 (4) (59 S. E. 438). Defense, particular theory of, suggested by certain evidence. *Baker* v. *State,* supra; *Williams* v. *State,* 120 *Ga.* 870 (48 S. E. 368). (*x*) Defense, theory of, raised only by defendant's statement. *Lott* v. *State,* 18 *Ga. App.* 747 (2) (90 S. E. 727). There is an exception to this rule where it is the only defense in the case. *Thornton* v. *State,* 18 *Ga. App.* 744 (90 S. E. 489). (*y*) Discrediting dying declarations. *Howard* v. *State,* 144 *Ga.* 169 (4) (86 S. E. 540). (*z*) Evidence, limitation of, to one purpose for which introduced. *Central of Ga. Ry. Co.* v. *Brown,* 138 *Ga.* 107 (2) (74 S. E. 839). (*aa*) Expert testimony. *Godwin* v. *A. C. L. R. Co.,* 120 *Ga.* 747 (48 S. E. 139). (*bb*) Effect of receipt in full. *Howland* v. *Bartlett,* 86 *Ga.* 669 (12 S. E. 1068). (*cc*) Effect of positive and negative testimony. *Baker* v. *State,* supra. (*dd*) Findings, separate, where defendants jointly indicted and do not sever. *Welborn* v. *State,* 116 *Ga.* 522 (42 S. E. 773). (*ee*) Impeachment. *Baker* v. *State,* supra. (*ff*) Plaintiff and defendant being equally at fault, plaintiff can not recover. *Central of Ga. Ry. Co.* v. *Brown,* 141 *Ga.* 553 (4) (81 S. E. 857). But see *So. Cotton Oil Co.* v. *Caleb,* 143 *Ga.* 585 (85 S. E. 707). (*gg*) Process of reducing a sum to present worth. *L. & N. R. Co.* v. *Trout,* 141 *Ga.* 121 (80 S. E. 622). (*hh*) Rule as to weight of evidence. *Killian* v. *State,* 19 *Ga. App.* 750 (3) (92 S. E. 227). (*ii*) That jurors are judges of law and facts in a criminal case. *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901). (*jj*) What is *not* law. *Reddick* v. *State,* supra. (*kk*) State of feelings. *Baker* v. *State,* supra.

*Rule 39.* Applications for a new trial on newly discovered evidence are not favored. Great care should be taken in the preparation of the ground of a motion for a new trial on account of newly discovered evidence. The essentials of such a ground are: (*a*)

Affidavits of witnesses by whom new facts are to be proved should be produced, or satisfactory reason given for their non-production. *Burge* v. *State,* 133 *Ga.* 431, 432 (66 S. E. 243). (*b*) It must appear that the newly discovered evidence is not merely cumulative. *Burge* .v. *State,* supra. (*c*) It must appear that the evidence is not solely to impeach the credit of the witness. *Burge* v. *State,* supra. (*d*) It must appear that the evidence was discovered by movant after the rendition of the verdict against him. *Burge* v. *State,* supra. (*e*) That the evidence was newly discovered, not merely that a certain named witness was newly discovered. *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331); *Jinks* v. *State,* 117 *Ga.* 714, 716 (44 S. E. 814). (*f*) It must appear by the affidavit of the movant and of each of his counsel that the affiant did not know of the existence of the alleged newly discovered evidence before the trial and before the verdict, and that it could not have been discovered by the exercise of ordinary care. The affidavits showing diligence should not state conclusions, but should set out what was done by the movant and his counsel to discover the new evidence. *Taylor* v. *State,* 132 *Ga.* 235, 237 (63 S. E. 1116); *Patterson* v. *Collier,* 77 *Ga.* 292 (3 S. E. 119); *Tyre* v. *State,* 35 *Ga. App.* 579 (134 S. E. 178), and cit.; Civil Code (1910), § 6086. (*g*) It must appear that the probable effect of the new evidence, if another trial be had, will be to produce a different verdict. *Burge* v. *State,* supra. But see "ultimate criterion," *Todd* v. *Jackson,* 24 *Ga. App.* 519 (101 S. E. 192). (*h*) It must appear that the evidence is material to the issues involved. Civil Code (1910), § 6085. (*i*) It must appear that the application was "brought to the notice of the court within the time now allowed by law for entertaining a motion for a new trial." Civil Code (1910), § 6085. (*j*) If the newly discovered evidence is that of a .witness, affidavits as to his residence, associates, means of knowledge, character and credibility must be adduced, and the names of the "associates" must appear in the affidavits. *Burge* v. *State,* supra; *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175); *Tyre* v. *State,* supra. (*k*) The affidavits must be properly entitled in the cause, or otherwise identify the case. *Hill* v. *McBurney Oil & Fertilizer Co.,* 112 *Ga.* 792 (38 S. E. 42, 52 L. R. A. 398). (*l*) The affidavits must be made a part of the record, and the better practice is to attach them to the ground and make them a part thereof by

direct reference thereto. Follow the rules laid down touching this matter in *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101).

In the case at bar the court did not commit error for any reason assigned, and his judgment overruling the motion for a new trial is affirmed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*