22173. MEADOW *v.* THE STATE.

Decided April 30, 1932.

*Hamilton McWhorter,* for plaintiff in error.

*R. Howard Gordon, solicitor,* contra.

Luke, J. ■ The defendant was convicted of possessing whisky, and excepts to the overruling of his motion for a new trial. The only special ground of the motion for a new trial is based upon a remark, alleged to be improper and prejudicial to the rights of the defendant, which was made by the solicitor in his argument to the jury. The ground does not meet the requirements set out in *Trammell* v. *Shirley, 38 Ga. App.* 719 (145 S. E. 486), rule 25, in that it fails to allege that the movant made a motion for a mistrial before the verdict was rendered, or that the court refused to grant a mistrial, or that it is probable that the injury was not eradicated by the instructions to the jury to disregard the remarks. However, in view of the court's instructions to the jury to disregard the remark of the solicitor, and since there was no motion for a mistrial, and in view of the evidence in the case, the remark of counsel for the State, though improper, will not warrant the grant of another trial.

■ It appears from the record that the defendant sought to place the responsibility for the whisky on his young son; but the jury did not accept this version of the matter, and this court has no right to say that the jury must accept any particular evidence. The evidence showed that on the 27th of September, 1930, the officers found five pints of whisky in the defendant's home "up over the plates of the room between that and the boxing of the house;" that on November 12, 1930, they found two gallons of whisky about 75 yards from the defendant's garden, and tracks leading toward his house; that on September 22, 1931, they found a quart of whisky on his premises about sixty yards from his barn; that in 1930 they found a lot of "home brew" over in the woods, about two hundred yards back of his house; that some of the whisky was in tin cans and some in half-gallon fruit-jars; that "the road leading off the highway down to his house is and has the appearance of being used a lot,—lots of going in and out, that is travel." The evidence authorized the finding of the jury, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*